■ In the Matter of NOAH WEINBERG as Assignee of PATRICIA ANN H., Respondent, v OMAR E., Appellant. — In a proceeding pursuant to CPLR article 5 of the Family Court Act, the appeal is from an order of the Family Court, Rockland County (Stanger, J.), dated January 30, 1984, which directed appellant to pay child support in the amount of $5 per week.

Order affirmed, without cost or disbursements.

The age of a putative father is irrelevant to a paternity proceeding and minority will not excuse his obligation to support the child (*People v Moores*, 4 Denio 518; 2 Schatkin, Disputed Paternity Proceedings, § 24.26). The parents' respective ages are factors to be considered only insofar as determination of the actual monetary amount of support is concerned. Moreover, the mother's alleged fault or wrongful conduct is irrelevant under section 545 of the Family Court Act (*Matter of L. Pamela P. v Frank S.*, 59 NY2d 1). The primary purpose of a paternity proceeding is to protect the welfare of the illegitimate child and, accordingly, the mother's conduct should have no bearing on the father's duty of support nor upon the manner in which the parents' respective obligations are determined (*Matter of L. Pamela P. v Frank S., supra*).

The court clearly considered the appellant's youth and lack of employment when it imposed the minimal obligation of $5 per week. We find that this is a fair and reasonable sum under the circumstances.

The constitutional claims raised by the appellant are not properly before us due to a failure to give the requisite statutory notice to the Attorney-General (CPLR 1012, subd [b]; Executive Law, § 71; *Matherson v Marchello*, 100 AD2d 233, 241, n 4). Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.