■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of VALERIE M., Respondent, v VICTOR A. R., Appellant. —In a paternity proceeding, the appeals are from (1) an order of the Family Court, Suffolk County (Friedenberg, J.), entered October 24, 1984, which, after a hearing, adjudged the appellant to be the father of the child in question and (2) an order of the same court, entered December 13, 1984, which directed the appellant to pay $50.50 per week for the support of the child.

Appeal from the order entered October 24, 1984 dismissed. That order is not an order of disposition, and is not appealable as a matter of right (Family Ct Act § 1112). It is reviewed on the appeal from the order entered December 13, 1984.

Order entered December 13, 1984 affirmed.

The petitioner is awarded one bill of costs.

The appellant's paternity was established by clear and convincing evidence which was completely uncontroverted. The human leucocyte antigen blood tissue test results showed a .999 probability of the appellant being the child's father. Further, the hearing court properly credited the testimony of the child's mother as to the essential elements of proof necessary to sustain the petition (see, Matter of Department of Social Servs. v Jay W., 105 AD2d 19).

It is well established that the primary purpose of a paternity proceeding and imposition of support obligations pursuant to Family Court Act article 5 is to protect the welfare of children born out of wedlock (see, Matter of L. Pamela P. v Frank S., 59 NY2d 1). Given that the age of a putative father is not relevant to a paternity proceeding and will not excuse his obligation of support (see, Matter of Weinberg v Omar E., 106 AD2d 448), we do not find compelling the appellant's argument that his mentally handicapped condition precluded his consent to fathering the child.

We have reviewed the appellant's other contentions and find them to be without merit. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.