*In re* PARENTAGE OF J.S., a Minor (Tami Stone, Petitioner-Appellee, v. David M. Williams, Respondent-Appellant).

Third District   No. 3—89—0239

Opinion filed January 25, 1990.

David R. Akemann, of Elgin, and Phyllis J. Perko, of Harlovic & Perko, of West Dundee, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Daniel N. Malato and Deborah L. Ahlstrand, Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The respondent, David M. Williams, appeals from an order requiring him to pay child support for his illegitimate son. We affirm.

The record shows that on March 23, 1987, the Illinois Attorney General's office filed a petition on behalf of the petitioner, Tami Stone, alleging that the respondent was the father of Stone's minor son, J.S. Following a hearing, the trial court entered a judgment finding that the respondent was J.S.'s father.

On March 16, 1989, a hearing was held to determine the extent of the respondent's financial responsibility to J.S. At the hearing, Tami Stone stated that her weekly income was $185 and that her monthly

expenses were approximately $767. She also presented medical bills for J.S. in the amount of $684.16. The respondent testified that he is currently married and that his wife is pregnant. He stated that his weekly income is $90.93, and that even though his wife also works he is unable to meet his monthly expenses.

The trial court ordered the respondent to pay $18 a week for child support, $240 for the blood tests performed to determine paternity, and $684 for J.S.'s medical expenses. The respondent appeals this order, but does not contest the trial court's paternity finding. This appears to be a case of first impression.

The respondent initially argues that he should not be required to support his child, because he was a 15-year-old minor when the child was conceived. He contends that Illinois public policy protects minors from the consequences of their improvident conduct.

■ We note that contrary to the respondent's position, Illinois public policy has never offered blanket protection to reckless minors. (See *Dawson v. Hoffmann* (1963), 43 Ill. App. 2d 17, 192 N.E.2d 695 (when a minor engages in an adult activity he will be held to the same standard as all others who participate in that activity); *Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 412 N.E.2d 624 (a minor is liable for necessities purchased by the minor under his own credit); Ill. Rev. Stat. 1987, ch. 37, par. 805—4(6)(a) (a 15-year-old minor can be tried as an adult for the crimes of first degree murder and armed robbery with a firearm).) At the same time, Illinois public policy has recognized the blanket right of every child to the physical, mental, emotional, and monetary support of his or her parents. (Ill. Rev. Stat. 1987, ch. 40, par. 2501.1.) The public has an interest in protecting children from becoming wards of the State. *In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 480 N.E.2d 1283.

■ In the instant case, we find that the public policy mandating parental support of children overrides any policy of protecting a minor from improvident acts. We therefore hold that the trial court properly found that the respondent was financially responsible for his child.

The respondent also argues that the trial court erred in ordering him to pay child support and past expenses. Specifically, he contends that he is financially incapable of contributing to the support of his child.

■ Section 14 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2514) provides that in determining the amount of any child support award, the court shall use the guidelines and standards set forth in section 505(a) of the Illinois Marriage and Dis-

solution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 505(a)). Section 505(a) provides that the relevant factors may include, but are not limited to, the financial resources and needs of the custodial parent, the financial resources and needs of the noncustodial parent, and the physical and emotional condition of the child. (Ill. Rev. Stat. 1987, ch. 40, par. 505(a).) The determination of the proper amount of support lies within the sound discretion of the trial court and will not be set aside unless it is contrary to the manifest weight of the evidence. *In re Marriage of Leva* (1983), 125 Ill. App. 3d 55, 460 N.E.2d 1179.

■ In the instant case, we find that the trial court did not abuse its discretion. The facts presented support the court's determination that the respondent could afford $18 a week in child support. In addition, given the respondent's failure to provide any child support in the past, the court did not abuse its discretion in ordering the respondent to pay J.S.'s medical expenses.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.