Marsha Jean JEVNING,
et al., Respondents,

v.

Matthew John CICHOS, Appellant.

No. C1–92–1325.

Court of Appeals of Minnesota.

May 4, 1993.

Paul Dressler, Waseca County Atty., Brenda Juberian, Asst. Waseca County Atty., Waseca, for respondents.

Keith L. Deike, Waseca, for appellant.

Considered and decided by RANDALL, P.J., and HUSPENI, and PETERSON, JJ.

## OPINION

RANDALL, Judge.

Appellant challenges the trial court decision requiring him to pay child support for his adjudicated child. Appellant argues that since he was under the age of 16 and the mother more than 24 months older than he at the time of intercourse, he should not have to pay child support because the age difference made the mother guilty of third degree criminal sexual conduct. The trial court disagreed. So do we. We affirm.

## FACTS

The relevant facts are simple. Respondent gave birth to a child on December 4, 1989, conceived around March 11, 1989. Appellant admits he had consensual sexual intercourse with respondent on or around March 11, 1989. At that time, appellant was 15 years old (d.o.b. June 27, 1973) and respondent was 20 years old (d.o.b. October

11, 1968). There was no mistake or misrepresentation between the parties regarding their ages. The parties have never been married.

Respondent gave birth to the child while on public assistance. She and the county providing assistance, Waseca County, commenced a paternity action against appellant. The parties underwent genetic testing. The test result indicated appellant's probability of paternity was 99.66 percent. Appellant did not challenge the paternity adjudication, but argued he should not be legally responsible for child support since he was the "victim" of a crime. He claims he was a "victim" because at the time of conception, he was under age 16 and respondent was more than 24 months older than he. That age difference could form the basis for a possible criminal sexual conduct complaint. *See* Minn.Stat. § 609.-344, subd. 1(b) (1988).[1]

Appellant further argues that if he is required to pay child support, he should be entitled to a monetary set-off from respondent because of "wrongful birth." Respondent and Waseca County were granted summary judgment on the issues of paternity and appellant's duty to pay child support. Respondent was granted sole legal and physical custody of the child, and appellant was granted visitation. Child support was set at a guideline amount of appellant's income.

### ISSUES

1. Did the trial court err by requiring appellant to pay child support for his child conceived while he was under age 16 and the mother was more than 24 months older than appellant?

2. Did the trial court err by denying appellant a set-off for child support against the mother for "wrongful birth?"

1. Minn.Stat. § 609.344, subd. 1(b) provides:
   A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree if any of the following circumstances exists:
        *      *      *      *      *      *
   (b) The complainant is at least 13 but less than 16 years of age and the actor is more

### ANALYSIS

Summary judgment is appropriate if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. Upon review of a summary judgment, an appellate court must determine whether there are genuine issues of material fact and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The evidence must be viewed in the light most favorable to the non-moving party. *Veit v. Anderson*, 428 N.W.2d 429, 431 (Minn.App.1988). Here the facts are not disputed and the issues are matters of law.

### I.

Appellant claims that as a victim of the crime of third degree criminal sexual conduct, he cannot be held responsible for the child born to him and respondent. Appellant concedes that parents are generally financially responsible for their children, but argues that in this case both he and the child are the innocent victims of a crime and therefore society should be responsible for the child, not another innocent victim, himself. We disagree. It is hard to characterize appellant as the classic innocent victim of a crime.

The issue is:

whether a person below the age of legal consent for sexual intercourse and therefore technically a victim of statutory rape should be legally responsible for the child resulting from that union.

*Mercer County Dep't of Social Servs. v. Alf M.*, 589 N.Y.S.2d 288, 289 (N.Y.Fam.Ct. 1992) (paternity proceeding involving a 21 year old mother and a 16 year old father where under New York law the father was

than 24 months older than the complainant. In any such case it shall be an affirmative defense, which must be proved by a preponderance of the evidence, that the actor believes the complainant to be 16 years of age or older. * * * Consent by the complainant is not a defense.

the victim of the statutory crime of rape in the third degree).

In *Mercer County,* the court decided it was not concerned with the mother's actions but with "protecting the best interests of and insuring that adequate provision will be made for, the child's needs," and therefore, the court found the father was required to support the child. *Id.* at 290. The court also noted the father's recourse against the mother was to file criminal charges against her. *Id.* Here, appellant has made no complaint to the police nor attempted to charge her with a crime.

The Wisconsin Court of Appeals faced a similar issue in *In re Paternity of J.L.H.,* 149 Wis.2d 349, 441 N.W.2d 273 (App.1989), *pet. for rev. denied* 443 N.W.2d 313 (Wis. 1989). In that case, the father was 15 years old and the mother was 18 years old. *Id.* 441 N.W.2d at 274. Under Wisconsin law at that time, a person 15 to 17 years old was presumed incapable of consent, but the presumption could be rebutted. *Id.* 441 N.W.2d at 275. The court found the facts indicated consent, and therefore did not answer the question of whether the defense of nonconsent was available for a putative father in a paternity proceeding. *Id.* 441 N.W.2d at 276.

However, even assuming the father was a victim of sexual assault, the Wisconsin court found requiring him to pay child support would not permit the mother to benefit from her crime because child support is paid to benefit the child, not the custodial parent. *Id.; see also Schierenbeck v. Minor,* 148 Colo. 582, 367 P.2d 333, 335 (1961) (that a 21–year–old woman committed a criminal act by having sexual intercourse with a 16–year–old male was irrelevant to his duty to support their child); *Weinberg v. Omar E.,* 106 A.D.2d 448, 482 N.Y.S.2d 540, 541 (1984) (father's age irrelevant to

paternity proceeding and will not excuse father from duty to support his child).

■ Paternity proceedings are civil actions. Minn.Stat. § 257.65 (1990). The Minnesota Parentage Act governs paternity proceedings. Minn.Stat. § 257.51–.74 (1990). The act does not address the rare issue we face today, but does give some guidance. The purposes of the act are to impose a duty on the father to support the child, to ensure the mother does not bear full financial responsibility for the child, and to protect the public by preventing the child from becoming a public charge. *State v. Sax,* 231 Minn. 1, 42 N.W.2d 680 (1950).

■ As the trial court found, these purposes undermine appellant's argument that respondent's violation [2] of a criminal statute bars requiring him to pay child support. The trial court stated:

> Imposition of a support obligation upon the defendant of a paternity action is neither a punishment imposed upon the defendant of a paternity action nor a windfall to the mother. A father cannot be "punished" with a support order.

*See also J.L.H.,* 441 N.W.2d at 276. A custodial parent receives child support in trust for the child's welfare. Support is paid to benefit the child, not the custodial parent. *Id.* Therefore, the court declined to recognize statutory nonconsent as an affirmative defense in a paternity proceeding.

■ Here, the trial court concluded that allowing appellant to assert statutory nonconsent under the criminal sexual conduct statute to bar paternity or a child support obligation would result in the following:

> the child would be deprived of obtaining a determination of his father; he would

---

**2.** In appellant's brief and in his oral argument, he consistently refers to respondent's acts as a completed crime. We note that although the ages of respondent and appellant are not in dispute, there was no criminal complaint brought, no trial was held, and there is no record of any conviction. Regardless of the age difference, it is not our province to declare that a crime has been committed. Only a jury in a jury trial or a judge in a bench trial may decide

if a crime was committed. There is a constitutional bar in all criminal cases prohibiting any court from "directing a verdict of conviction." Our analysis does not assume that respondent was convicted of a crime, nor does it include an out for appellant if she had been. His civil obligation to pay child support, if it exists, exists apart from any possible charge by the state against respondent.

be denied support from a defendant who openly admits parentage; and the State would be forced to accept the burden of supporting the child despite the fact that paternity can be established. The Court cannot condone [Jevning's] possible criminal actions, but holds that the child's interests in receiving support must supersede any economic consequences [appellant] suffers from the crime.

We agree. Statutory nonconsent under some definitions of criminal sexual conduct does not translate to a holding that on the civil issue of child support, minors can never be held responsible for their children resulting from sexual conduct. Generally, minors are responsible for their actions; exceptions to that principle are rare. For instances, minors are generally accountable for their economic transactions, are allowed to sue and can be sued, are accountable for acts of juvenile delinquency, and may be certified to be tried as adults, depending on the circumstances. *See* Minn.Stat. §§ 260.-185, 260.125 (1988).

We find the trial court properly balanced the policy objectives behind the parentage act and the criminal sexual conduct statute by holding appellant responsible for child support.

## II.

 Appellant also argues respondent should reimburse him for any child support he has to pay because he has a "wrongful birth action" against her because she acted negligently by having sexual intercourse with a minor. Appellant cites *Sherlock v. Stillwater Clinic*, 260 N.W.2d 169 (Minn. 1977), where the supreme court recognized a wrongful birth claim against a clinic for negligently performing a sterilization.

However, the *Sherlock* decision has been modified by Minn.Stat. § 145.424 (1984), prohibiting wrongful birth suits or wrongful life suits except in a medical malpractice action. *See Hickman v. Group Health Plan, Inc.*, 396 N.W.2d 10, 12, 14 n. 5 (Minn.1986). The trial court properly refused to extend *Sherlock*. On this set of facts, and in light of Minn.Stat. § 145.424,

appellant has no such cause of action in the State of Minnesota.

### DECISION

We affirm appellant's child support obligation. We affirm the denial of appellant's wrongful birth action against respondent.

**Affirmed.**