**Dylan Bryce CAIN, a minor By and Through his Mother and next Friend, Cynthia J. PIERCE, Appellant,**

v.

**Henry Webster MEREDITH, Jr., Appellee.**

**No. 83359.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 9, 1994.

Certiorari Denied Nov. 2, 1994.

C. Michael Zacharias, Corbitt, LaSorsa, Rineer & Zacharias, Tulsa, for appellant.

John Joseph Ramsey, Tulsa, for appellee.

*OPINION*

GARRETT, Vice Chief Judge:

Dylan Bryce Cain (Appellant or Minor) through his mother and next friend, Cynthia J. Pierce (Mother), filed an action to determine paternity against Henry Webster Meredith, Jr. (Appellee or Webster). Webster filed a motion to dismiss. He attached copies of court records showing: (1) in 1978 Mother filed a complaint of paternity against Webster in Tulsa County; (2) Webster was found not guilty of parenting Minor; (3) the action was dismissed after trial; (4) the 1978 court decision was made a permanent part of the district court records. These allegations were not disputed by Minor. Webster moved the action filed by Minor be dismissed as it was barred by the doctrine of res judicata and judgment by estoppel. The court dismissed the action and found the doctrine of res judicata to apply.

Minor contends it was error to dismiss his action: (1) because all the elements of the doctrine of res judicata were not present; (2) Minor's due process rights to determine parentage and receive support were denied; (3) the court erred in failing to consider the psychological and emotional detriment to Minor; (4) the court did not consider the public

policy ramifications of eliminating the right of a child to seek support.

The doctrine of res judicata acts as a claim preclusion to bar relitigation by a party, or the parties privies, to issues which were or could have been litigated in an action and which resulted in a final judgment on the merits. *Erwin v. Frazier,* 786 P.2d 61 (Okl. 1989), see also, *Runyon v. City of Henryetta,* 321 P.2d 689 (Okl.1958). The subject matter of the action brought by Minor is exactly the same as the subject matter of the 1978 action brought by Mother: whether Webster was Minor's father. That question was answered in 1978 with a finding that Webster was not Minor's father.

The authorities relied on by minor are distinguishable from this case. They deal with agreements or actions whereby one parent seeks to excuse the other parent from supporting their child. In Oklahoma it is contrary to public policy for a father and mother to enter into a contract whereby the father is excused from supporting his child. A mother's dismissal with prejudice of a paternity action against the father of her child does not prevent him from being required, in another action, to support the child, where there was no trial on the merits, and no judgment was entered. Here, there was a paternity action prosecuted to a final conclusion according to law. That judgment became final. Public policy requires there be an end to litigation. *Chisholm v. Stephenson,* 363 P.2d 229 (Okl.1961). The first action was filed and prosecuted in virtually the only possible manner. It was conducted pursuant to the applicable statutes in such cases, and was prosecuted by minor's mother. He was the proposed beneficiary of the action, and is privy to that action, through his mother.

Minor's paternity action was barred by the doctrine of res judicata, and was properly dismissed.

AFFIRMED.

HUNTER and ADAMS, JJ., concur.