**COMMONWEALTH of Kentucky, ex rel., Denise Ann RUSH, Appellant,**

v.

**Jonathan Jacob HATFIELD, Appellee.**

**No. 95–CA–2079–DG.**

Court of Appeals of Kentucky.

Sept. 20, 1996.

Alan C. Wagers, Harlan, for appellant.

Bill Hayes, Middlesboro, appellee.

Before GUDGEL, HUDDLESTON and SCHRODER, JJ.

## *OPINION*

GUDGEL, Judge:

This matter is before us on discretionary review from an order of the Harlan Circuit Court affirming an order of the Harlan District Court which dismissed a paternity action filed by appellant Commonwealth of Kentucky, ex rel., Denise Ann Rush. The issue is whether the lower courts erred by concluding that the father of an illegitimate child, who lacked the statutorily-defined capacity to consent to sexual relations on the date the child was conceived, may not be adjudged liable in a civil paternity action for support of the child for the years subsequent to the date upon which the father reached the age of majority. As we are of the opinion that the courts erred, we reverse and remand.

Allegedly, an illegitimate child was born to Denise Ann Rush and appellee Jonathan Jacob Hatfield on July 24, 1991. It is undisputed that Rush and appellee engaged in sexual relations and that, on the date of the child's conception, Rush was over twenty-one years of age and appellee was under sixteen years of age. Thus, as appellee was statutorily deemed to be incapable of consenting to engage in sexual relations with Rush, *see* KRS 510.020(3)(a), Rush's conduct may have constituted the offense of third-degree rape. Nevertheless, Rush was not charged or prosecuted, and appellee did not claim and there is nothing in the record to suggest that he was an unwilling participant in the events which allegedly led to the child's conception.

In May 1994, after appellee turned eighteen years of age, the Commonwealth filed this action against appellee seeking an adjudication of paternity and an order of support. Blood tests allegedly confirmed that appellee was the child's father, and the Commonwealth made a motion for summary judgment. The district court denied the motion and dismissed the action based on the fact that Rush may have committed the offense of third-degree rape against appellee. On appeal, the circuit court affirmed the district court's order. This court granted discretionary review.

The narrow issue presented here is whether, now that appellee has reached the age of majority, he should be relieved of his civil obligation to support his putative child solely because, on the date of the child's conception, appellee was statutorily incapable of consenting to sexual relations regardless of his actual willingness to participate in such relations. Consistent with the conclusions reached in other jurisdictions which have considered this issue, we conclude that appellee should not be relieved of any such support obligation.

This issue is one of first impression in Kentucky appellate courts. However, in *Jevning v. Cichos*, 499 N.W.2d 515 (Minn. App.1993), the Minnesota Court of Appeals recently held that a male who is under the age of legal consent for sexual intercourse, and who therefore may technically be a victim of statutory rape, is nevertheless legally responsible for any child who results from his sexual relations with an adult. The court reasoned that a civil paternity action is in-

tended to benefit the child rather than the mother who may have perpetrated a crime against the father, and that only by holding the father liable for support might the court ensure that the child's future needs will be met. In effect, the court determined that the public policy objectives of the state's paternity statute must take precedence over the public policy objectives of statutory rape legislation, even though the victim of such a crime may therefore incur economic consequences. The court deemed such a result to be justified since children who have reached the age of reason are generally responsible for their actions, and the father openly admitted parentage. Moreover, we note that the *Jevning* court's conclusion is not unique, as at least three other jurisdictions have reached the same result in similar circumstances. *See Mercer County Department of Social Services v. Alf M.*, 155 Misc.2d 703, 589 N.Y.S.2d 288 (N.Y.Fam.Ct.1992); *In re Paternity of J.L.H.*, 149 Wis.2d 349, 441 N.W.2d 273 (App.1989); *Schierenbeck v. Minor*, 148 Colo. 582, 367 P.2d 333 (1961).

Here, as in *Jevning*, Rush was not charged with or prosecuted for statutory rape, and appellee did not claim that his participation in the events which allegedly led to the child's conception was involuntary or forcibly compelled. Given these circumstances, we fail to perceive that appellee should be relieved of his statutory obligation to support his child if paternity is established. Instead, in these particular circumstances this state's strong public policy requiring fathers to support their out-of-wedlock children must take preference over any policy which may be embodied in our statutory rape legislation to protect the victims of such crimes, especially since an innocent child rather than the perpetrator of the alleged crime will be the beneficiary of the support payments. *Cf. Jevning, supra.* We hold, therefore, that the courts below erred by finding that, even if paternity is established, appellee may not be adjudged liable for support since the child's conception may have resulted from a statutory rape in which appellee was a willing participant.

For the reasons stated, the court's judgment is reversed and remanded for further proceedings consistent with our views.

All concur.