[No. B100055. Second Dist., Div. Six. Nov. 4, 1996.]

COUNTY OF SAN LUIS OBISPO, Plaintiff and Respondent, v. NATHANIEL J., a Minor, etc., Defendant and Appellant.

## COUNSEL

Patrick J. Perry for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—Victims have rights. Here, the victim also has responsibilities.

A 34-year-old woman seduces a 15-year-old boy and becomes pregnant. She gives birth to a daughter and thereafter applies for Aid to Families with Dependent Children. Is the child's father obligated to pay child support even though he is a victim of statutory rape? (Pen. Code, § 261.5, subd. (d).) We conclude he is liable for child support.

Defendant Nathaniel J. appeals a judgment establishing paternity and reserving an order of child support. We affirm.

### FACTS

On January 20, 1995, Ricci Jones gave birth to a daughter. The child's father, Nathaniel J., was 15 years old when Jones conceived the child. Jones then was 34 years old.

Upon complaint, San Luis Obispo police officers investigated Jones's unlawful sexual intercourse with Nathaniel J. (Pen. Code, § 261.5, subd. (d).)[1] During an interview with a police officer, Nathaniel J. described the sexual intercourse as "a mutually agreeable act." The San Luis Obispo County prosecutor prosecuted Jones and obtained a conviction of unlawful sexual intercourse with a minor.

The San Luis Obispo County District Attorney's office sought child support and welfare reimbursement from Nathaniel J. (Welf. & Inst. Code, §§ 11350, 11350.1, 11475.1.) Nathaniel J., by a guardian ad litem, admitted paternity but contended he was not required to pay child support because he was a victim of statutory rape. (Pen. Code, § 261.5, subd. (d).) The trial court ruled that paternity was established and reserved an order of child support. Presumably when Nathaniel J. reaches majority or completes his schooling, the court will reassess his ability to provide support.

Nathaniel J. appeals and contends exacting child support from a victim of statutory rape violates public policy. He also argues that the procedure followed herein denied him due process of law.

### DISCUSSION

### I.

■   Nathaniel J. asserts that public policy protects him from the effects of sexual exploitation by an adult. (*Angie M.* v. *Superior Court* (1995) 37 Cal.App.4th 1217, 1225 [44 Cal.Rptr.2d 197] [strong public policy protects minors from sexual exploitation].) He points out that strong public policy inheres in penal statutes criminalizing sexual exploitation of minors. (E.g., Pen. Code, §§ 261.5, 288a, 273f, 288.2, 310.5, 311.1.)

Nathaniel J. contends the reserved child support order "is exactly the exploitation which the Legislature intended to prevent" because it inflicts economic loss on a crime victim. He points to the constitutional declaration that "all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer." (Cal. Const., art. I, § 28, subd. (b).) Nathaniel J. adds that the child will not suffer because she will receive welfare support. We reject these contentions.

---

[1]Penal Code section 261.5, subdivision (a) provides: "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. . . ." Subdivision (d) provides: "Any person over the age of 21 years who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony . . . ."

California law provides that every child has a right to support from both parents. (Fam. Code, §§ 3900, 3901 [former Civ. Code, §§ 196, 196a, 242]; *County of Shasta* v. *Caruthers* (1995) 31 Cal.App.4th 1838, 1841 [38 Cal.Rptr.2d 18].) Family Code section 3900 provides that, subject to other statutes governing support, the father and mother of a child bear "equal responsibility" to support the child.

The law should not except Nathaniel J. from this responsibility because he is not an innocent victim of Jones's criminal acts. After discussing the matter, he and Jones decided to have sexual relations. They had sexual intercourse approximately five times over a two-week period.

In an action to impose vicarious liability upon a minor's parents, *Cynthia M.* v. *Rodney E.* (1991) 228 Cal.App.3d 1040, 1045 [279 Cal.Rptr. 94], held a minor's consent to unlawful sexual intercourse was "a permissible consideration" in denying liability. "[T]here is an important distinction between a party who is injured through no fault of his or her own and an injured party who willingly participated in the offense about which a complaint is made." (*Id.,* at pp. 1046-1047.) One who is injured as a result of criminal conduct in which he willingly participated is not a typical crime victim. (*Id.,* at p. 1047, fn. 13.) It does not necessarily follow that a minor over the age of 14 who voluntarily engages in sexual intercourse is a victim of sexual abuse. (*Planned Parenthood Affiliates* v. *Van de Kamp* (1986) 181 Cal.App.3d 245, 261 [226 Cal.Rptr. 361].)

Authorities from other states support imposition of a child support obligation upon a minor who has been the victim of unlawful sexual intercourse. *State* ex rel. *Hermesmann* v. *Seyer* (1993) 252 Kan. 646 [847 P.2d 1273, 1278], held that a 13-year-old boy's presumed lack of consent to intercourse under criminal statutes was irrelevant in paternity and child support proceedings. "This State's interest in requiring minor parents to support their children overrides the State's competing interest in protecting juveniles from improvident acts, even when such acts may include criminal activity on the part of the other parent." (*Id.,* at p. 1279.)

*In re Paternity of J.L.H.* (1989) 149 Wis.2d 349 [441 N.W.2d 273, 276-277], held that for purposes of child support, voluntary intercourse may result in voluntary parenthood, although the child's father was 15 years old. Other states agree. (*Jevning* v. *Cichos* (Minn.Ct.App. 1993) 499 N.W.2d 515, 518 [child's interests in receiving support supersedes economic consequences minor father suffers from statutory rape]; *Mercer County DSS* v. *Alf M.* (1992) 155 Misc.2d 703 [589 N.Y.S.2d 288, 289-290] [16-year-old

victim of statutory rape legally responsible for child support]; *Weinberg* v. *Omar E.* (1984) 106 A.D.2d 448 [482 N.Y.S.2d 540, 541] [age of putative father irrelevant in paternity proceeding and does not excuse support obligation].) We agree with the reasoning and holdings of these decisions.

## II.

■ Nathaniel J. claims the procedure followed by the trial court denied him due process of law because the district attorney's noticed motion did not inform him that "in order to exercise his . . . right to trial, he . . . must appear at the hearing on the motion." (Welf. & Inst. Code, § 11350.1, subd. (a).)

Here the district attorney filed a noticed motion for child support, stating that Nathaniel J. "admits paternity but disputes liability because he was the victim of [statutory rape]." In accompanying points and authorities, the district attorney stated: "JUDGMENT IN ACTIONS PURSUANT TO WELFARE AND INSTITUTIONS CODE SECTIONS 11350 AND 11350.1 MAY BE RENDERED PURSUANT TO NOTICED MOTION." At the July 19, 1995, hearing at which Nathaniel J. appeared through his attorney, the district attorney stated: "[O]ur office is seeking to establish paternity. We are not seeking a child support order . . . until such time as the minor becomes an adult and is able to pay support."[2] Nathaniel J. did not request a trial. He requested a continuance to "find authority" for his defense. He added: "I may want to appeal." The trial court granted two continuances, amounting to two months. Nathaniel J. appeared by his attorney at further hearings and did not request a trial. He received adequate notice and may not now complain.

Accordingly, the judgment is affirmed. The parties shall bear their own costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.

On November 20, 1996, the opinion was modified to read as printed above.

---

[2]We grant respondent's motion to augment the record to include the reporter's transcripts of the July 19, 1995, and September 6, 1995, hearings.