[No. F038536. Fifth Dist. Oct. 3, 2003.]

In re KYLE F., a Minor.

JOHN J. et al., Petitioners and Respondents, v.
GARRETT S., Objector and Appellant.

GARRETT S., Plaintiff, Cross-defendant and Appellant, v.
LINDSAY F., a Minor etc., Defendant, Cross-complainant and Respondent.

## Counsel

Francia M. Welker, under appointment by the Court of Appeal, for Objector and Appellant and for Plaintiff, Cross-defendant and Appellant.

Douglas R. Donnelly for Petitioners and Respondents and for Defendant, Cross-complainant and Respondent.

## Opinion

**LEVY, J.**—The issue presented by this appeal is whether an unwed father who could have been, but was not, charged with misdemeanor unlawful sexual intercourse, can for this reason alone be denied the right to withhold his consent to his child's adoption. Based on its interpretation of a footnote in *Adoption of Kelsey S.* (1992) 1 Cal.4th 816 [4 Cal.Rptr.2d 615, 823 P.2d 1216], the trial court concluded that the father, who was 18 when he impregnated the then 16-year-old mother, should not profit by the commission of this uncharged crime. Accordingly, the court determined that the

father was not entitled to either a custodial preference or equal protection of the law. However, the trial court misconstrued the authority it relied on.

The *Adoption of Kelsey S.* footnote does not disqualify this unwed father from demonstrating a constitutional right to preserve his opportunity to develop a parental relationship with his child. Rather, the tone of the *Kelsey S.* footnote indicates that the court's unwillingness to afford constitutional protection to a father whose child is conceived as a result of nonconsensual sexual intercourse refers to forcible rape, not voluntary unlawful sexual intercourse. Consequently, the trial court erred when, based solely on the respective ages of the parents, it ruled that the unwed father could never assert his constitutional right to withhold consent to the adoption of the child.

## BACKGROUND

On March 29, 2000, appellant, Garrett S., filed a petition in the San Diego County Superior Court to establish a parental relationship with his unborn child. Respondent, Lindsay F., was the child's mother. On March 30, 2000, Lindsay gave birth to Kyle. When Kyle was conceived, appellant was 18 and Lindsay was 16.

Lindsay placed Kyle with respondents, John and Stacy J., for adoption. On April 3, 2000, Mr. and Mrs. J. filed a petition for adoption and a complaint to determine and terminate appellant's parental rights in the Fresno County Superior Court. The complaint requested the court to find that appellant was not a presumed father, that appellant's consent to the adoption was not necessary, and that appellant had no parental rights due to the fact that Kyle was conceived in an act of nonconsensual sexual intercourse.

On April 5, 2000, appellant filed an ex parte application in the San Diego County Superior Court requesting that Kyle be returned to San Diego from Fresno County. Although the appellate record includes a copy of this application, no other reference to it appears.

On May 4, 2000, Lindsay, through her guardian ad litem, cross-complained to appellant's petition in the San Diego County proceeding. This cross-complaint was substantially identical to the complaint filed by Mr. and Mrs. J.

Upon Lindsay's motion, the San Diego action was transferred to Fresno County. Thereafter, the two actions were consolidated.

A court trial was held on the consolidated cases on January 25, 2001. Respondents called appellant as their first witness pursuant to Evidence Code section 776 and asked him five questions. Appellant testified as to his and

Lindsay's ages when Kyle was conceived. After this brief testimony, the trial court granted a nonsuit on appellant's paternity petition and directed a verdict in favor of Mr. and Mrs. J. on their complaint. The court concluded that Kyle was conceived in an act of "nonconsensual sexual intercourse" and consequently appellant had no constitutional right to withhold his consent to Kyle's adoption.

## DISCUSSION

■ The Uniform Parentage Act (UPA) provides a comprehensive scheme for the judicial determination of paternity. (Fam. Code,[1] § 7600 et seq.; *Adoption of Michael H.* (1995) 10 Cal.4th 1043, 1050 [43 Cal.Rptr.2d 445, 898 P.2d 891].) Under the UPA, an unwed father's rights depend on whether he is classified as a biological father who is a presumed father or a biological father who is not a presumed father, i.e., a natural father. (*Adoption of Michael H., supra,* 10 Cal.4th at p. 1051.)

■ A presumed father is a man who has either married or attempted to marry his child's biological mother or who "receives the child into his home and openly holds out the child as his natural child." (§ 7611; *Adoption of Michael H., supra,* 10 Cal.4th at p. 1051.) However, an unwed father cannot constructively receive the child. Rather, to become a presumed father, he must not only openly and publicly admit paternity but must also physically bring the child into his home. (*Ibid.*)

■ If a man is a presumed father, he has a statutory right to veto an adoption by withholding consent unless there is a showing by clear and convincing evidence that he is unfit. (*Adoption of Kelsey S., supra,* 1 Cal.4th at pp. 824–825.) In contrast, a natural father's consent to the adoption of his child is not required unless the court finds that it is in the best interest of the child to allow the father to retain his parental rights. (*Id.* at p. 825.) Thus, presumed father status affords an unwed father statutory rights comparable to those bestowed on the biological mother. (*Id.* at pp. 824–825.)

■ Nevertheless, as explained in *Adoption of Kelsey S.,* an unwed father who has no *statutory* right to block a third party adoption by withholding consent may have a *constitutional* right to do so under the due process and equal protection clauses of the Fourteenth Amendment. (*Adoption of Michael H., supra,* 10 Cal.4th at p. 1052.) The statutory distinction between natural fathers and presumed fathers is constitutionally invalid to the extent that it allows a mother to unilaterally preclude her child's biological

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

father from becoming a presumed father. (*Adoption of Kelsey S., supra,* 1 Cal.4th at p. 849.) However, the mere biological link between father and child does not merit constitutional protection. (*Adoption of Michael H., supra,* 10 Cal.4th at p. 1052.) Rather, an unwed father can assert a constitutional right to prevent adoption only if he promptly comes forward and demonstrates a commitment to assume his parental responsibilities as fully as the mother will allow and his circumstances permit. (*Adoption of Kelsey S., supra,* 1 Cal.4th at p. 849.)

Here, appellant is not a presumed father under section 7611 and thus does not have a *statutory* right to block Kyle's adoption by withholding consent. The trial court concluded that appellant was also barred from asserting a *constitutional* right to withhold his consent to the adoption under *Kelsey S.* on the ground that appellant was 18 and the mother was 16 at the time of conception. The question presented by this appeal is whether an 18-year-old unwed father can ever assert a constitutional right to withhold consent to the adoption of his child when the mother is under 18.

Penal Code section 261.5, subdivision (a), defines "unlawful sexual intercourse" as "an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor." This offense is a misdemeanor if the minor is not more than three years older or three years younger than the perpetrator. (Pen. Code, § 261.5, subd. (b).)     █     The theory of this crime is that, because of age, a minor is incapable of giving consent. (*People v. Brown* (1973) 35 Cal.App.3d 317, 326 [110 Cal.Rptr. 854].) However, this is not to say that the minor did not willingly participate in the offense. (*County of San Luis Obispo v. Nathaniel J.* (1996) 50 Cal.App.4th 842, 845 [57 Cal.Rptr.2d 843].) Moreover, a minor over the age of 14 who voluntarily engages in sexual intercourse is not necessarily a victim of sexual abuse. (*Ibid.*)

The trial court determined that an unwed father who could have been charged with misdemeanor unlawful sexual intercourse could never qualify as a *Kelsey S.* presumed father. The trial court relied on the following footnote in *Kelsey S.*: "*At the risk of stating the obvious,* we caution that our decision affords no protection, constitutional or otherwise, to a male who impregnates a female as a result of nonconsensual sexual intercourse. We find nothing in the relevant high court decisions that provides such a father a right to due process in connection with the custody and adoption of his biological child. Such a father also is not entitled to equal protection, i.e., the same rights as the mother, because the father and mother are clearly not similarly situated. *The sexual intercourse was voluntary only for the father.* Nor is such a father entitled to be treated similarly to those males who become fathers as a result of consensual sexual intercourse." (*Adoption of Kelsey S., supra,* 1 Cal.4th at p. 849, fn. 14, italics added.)

The trial court equated "unlawful sexual intercourse" as defined by Penal Code section 261.5 with "nonconsensual sexual intercourse" as used by the California Supreme Court in *Adoption of Kelsey S.* Thus, the trial court would deny constitutional protection to all unwed fathers where the mother is a minor and the mother's and father's ages are within three years of each other. However, this interpretation of footnote 14 is not warranted. Rather, the tone of the footnote suggests otherwise.

First, the Supreme Court prefaced its pronouncement by noting that it was "stating the obvious." It is obvious that a man who forcibly rapes a woman should not be afforded any constitutional protection in connection with the custody and adoption of a child conceived during such a violent act. However, it is not obvious that an unwed father should be denied the constitutional right to develop a parental relationship with his child when he and the minor mother were relatively close in age and both willingly participated in the act.

More importantly, the court concluded that the father was not entitled to equal protection in the nonconsensual sexual intercourse situation because the father and mother were clearly not similarly situated, i.e., the sexual intercourse was voluntary only for the father. While that would always be true with forcible rape, it is not the case with unlawful sexual intercourse. If the mother is a minor, the act may be deemed unlawful sexual intercourse despite the mother's voluntary participation. Where both parties are willing participants, the court's equal protection analysis in footnote 14 is inapposite.

Thus, contrary to the trial court's interpretation of *Adoption of Kelsey S.*, it must be concluded that when the California Supreme Court used the term "nonconsensual sexual intercourse" in footnote 14 it was referring to forcible rape, not unlawful sexual intercourse. Accordingly, *Adoption of Kelsey S.* does not preclude appellant from establishing a constitutional right to block the adoption of his child.

Further, although section 7611.5 prohibits certain unwed fathers from attaining presumed father status due, in part, to the child's conception being in violation of Penal Code section 261.5, appellant does not fall into that category. Under section 7611.5, subdivision (b), a man shall not be presumed to be the natural father of a child if "[t]he child was conceived as a result of an act in violation of Section 261.5 of the Penal Code, the father was convicted of that violation, and the mother was under the age of 15 years and the father was 21 years of age or older at the time of conception." Although Kyle's conception was in violation of Penal Code section 261.5, appellant was not convicted of that violation, Lindsay was not under 15 and appellant was under 21. Thus, appellant is not statutorily prevented from demonstrating a constitutional right to withhold his consent to Kyle's adoption.

In sum, neither case law nor statute precludes an 18-year-old unwed father from attempting to demonstrate a full commitment to assume his parental responsibilities toward a child born to a mother who was 16 at the time of conception. Moreover, if the 18-year-old father demonstrates such a commitment and, thus, will support the child, there is no valid policy reason to deny him this opportunity. The objective is to protect the child. There is no justification for assuming, either as a policy or factual matter, that adoption is necessarily in a child's best interest under these circumstances. Despite the youth of the parents, "[t]he biological connection between father and child is unique and worthy of constitutional protection if the father grasps the opportunity to develop that biological connection into a full and enduring relationship." (*Adoption of Kelsey S., supra,* 1 Cal.4th at p. 838.) Accordingly, appellant is entitled to a trial court determination of his status in relation to Kyle.

## DISPOSITION

The judgment is reversed and the matter is remanded for further evidentiary proceedings. Costs on appeal are awarded to appellant.

Vartabedian, Acting P. J., and Wiseman, J., concurred.

The petition of petitioners and respondents for review by the Supreme Court was denied January 22, 2004. Baxter, J., Chin, J., and Brown, J., were of the opinion that the petition should be granted.