104 P.3d 1132 (2004)
2004 OK CIV APP 97
In the Matter of the PATERNITY of K.B., a Minor Child, Born on or about December 20, 1988.
Justin Stringer, Plaintiff/Appellant,
v.
Department of Human Services, ex rel. Larena Baker, Defendant/Appellee.
No. 99857.
Court of Civil Appeals of Oklahoma, Division No. 3.
December 10, 2004.
Maria Tasi Blakely, Hugo, OK, for Plaintiff/Appellant,
Virginia Sanders, Idabel, OK, for Defendant/Appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
*1133 BAY MITCHELL, Presiding Judge.
¶ 1 Plaintiff/Appellant Justin Stringer and Defendant/Appellee Larena Baker are the biological parents of K.B., a minor child, born on or about December 20, 1988. Because Stringer was a fifteen-year-old minor and Baker a nineteen-year-old adult at the time K.B. was conceived, Stringer technically was the victim of an uncharged act of criminal sexual conduct, despite the consensual nature of the parties' relationship. Holding the legal status of the father at the time of conception to be immaterial to an adjudication of child support, the trial court denied Stringer's petition to relinquish parental rights and granted Baker's counterclaim for current and past-due child support. We affirm.
¶ 2 On appeal, Stringer does not deny he consented to have sex with Baker. He disputes neither the trial court's adjudication of his paternity nor its computation of the amount of current and past-due child support. Rather, Stringer takes issue solely with the trial court's finding he is liable for child support, given that, as a matter of criminal law, he was too young to consent to have sex with Baker when K.B. was conceived.
¶ 3 In 1989, shortly after K.B.'s birth, Baker brought suit against Stringer in Texas to establish paternity and obtain an order of child support. Because Stringer lived in Texas, his DNA test was coordinated through that state's Attorney General's Office. The test revealed a 99.93% probability that Stringer was K.B.'s biological father. In 1993, however, the district court in Texas issued an order of nonsuit dismissing Baker's child support action without prejudice.
¶ 4 Twelve years after filing her original petition, Baker reopened the case in January 2001 in Oklahoma. After receiving notice of the action from the Oklahoma DHS Office of Administrative Hearings for Child Support, Stringer filed a petition to relinquish voluntarily his parental rights. The case transferred to McCurtain County as a result. There, the trial court granted Baker's motion for summary judgment on Stringer's petition to relinquish parental rights[1] and, after a trial on the merits of Baker's counterclaim, found Stringer to be K.B.'s biological father and ordered future and past-due child support consistent with Oklahoma's statutory guidelines, 43 O.S.2001 §§ 118, 119.
¶ 5 By having sexual intercourse with a fifteen-year-old when she was nineteen, Baker's actions arguably constituted rape under Oklahoma criminal law. See 21 O.S. Supp.1984 §§ 1111, 1112. Had Stringer pursued a rape charge against her, Baker would not have been permitted to assert his willing participation as a defense because Stringer was below the age of consent when the sexual misconduct occurred and his acquiescence was thus involuntary as a matter of law. 21 O.S. Supp.1984 §§ 1111, 1112. Stringer argues Baker should not be permitted to profit from her criminal acts through an award of child support. Thus, the question before us is whether the victim of an unadjudicated statutory rape can be required to support a child conceived of that criminal union, where the purported victim was a willing participant in the sexual misconduct.
¶ 6 Because this is a civil rather than criminal matter, the primary focus of our inquiry is not Baker's culpability or the consensual nature of Stringer's participation in the criminal sex act. Rather, our concern is whether Stringer can be required to support K.B. We recognize that support payments are for the benefit of the child, not the parent, McNeal v. Robinson, 1981 OK 43, ¶ 13, 628 P.2d 358, 360, and that Oklahoma's child support guidelines focus on parental, not marital, status: "An individual who has been legally determined to be the father of a child ... is liable for the support and education of the child to the same extent as the father of a child born in wedlock." 10 O.S.2001 § 83 (A).
¶ 7 While this is a question of first impression in Oklahoma, courts from other *1134 states confronting similar facts have uniformly concluded legal consent under criminal law is irrelevant in a civil action for support of the child born of a minor father and an adult mother. For example, in Hermesmann v. Seyer, 252 Kan. 646, 847 P.2d 1273 (1993), the Kansas Supreme Court held the state could require a thirteen-year-old father to pay support to the child born of his relationship with his seventeen-year-old babysitter. The Court stated:
This State's interest in requiring minor parents to support their children overrides the State's competing interest in protecting juveniles from improvident acts, even when such acts may include criminal activity on the part of the other parent. Considering the three persons directly involved, [the mother, the father, and the child,] the interests of [the child] are superior, as a matter of public policy, to those of either or both of her parents. This minor child, the only truly innocent party, is entitled to support from both her parents, regardless of their ages.
Id., at 654-55; 847 P.2d at 1279.
¶ 8 In Schierenbeck v. Minor, 148 Colo. 582, 367 P.2d 333 (1961), the Colorado Supreme Court rejected a sixteen-year-old boy's argument that his third-degree rape by a married, twenty-year-old woman absolved him of liability for the support of the child born thereof. In discussing the relevance of the criminal statute, the Court stated:
Certain it is that [father's] assent to the illicit act does not exclude commission of the statutory crime, but it has nothing to do with assent as relating to progeny. His youth is basic to the crime; it is not a factor in the question of whether he is the father of [the child].
"The putative father may be liable in bastardy proceedings for the support and maintenance of his child, even though he is a minor...." If [father] is adjudged to be the father of [the child] after a proper hearing and upon sufficient evidence, he should support [the child] under this fundamental doctrine.
Id., at 586, 367 P.2d at 335 (citations omitted).
¶ 9 The Wisconsin Court of Appeals in In re Paternity of JLH, 149 Wis.2d 349, 441 N.W.2d 273 (1989) rejected the claim that a fifteen-year-old boy who had sexual intercourse with an eighteen-and-a-half year old woman was not required to support the child of that relationship because he was a victim of sexual assault and the perpetrator should not profit from her criminal acts. The court stated:
We reject appellant's argument that his paying child support to [mother] would permit her to benefit from her crime. Even assuming that [mother] criminally assaulted appellant, child support is paid to benefit the child, not the custodial parent. The custodial parent receives support payments in trust to be used for the child's welfare.
...
... If voluntary intercourse results in parenthood, then for purposes of child support, the parenthood is voluntary. This is true even if a fifteen-year-old boy's parenthood resulted from a sexual assault upon him within the meaning of the criminal law.
Id., at 358, 360, 441 N.W.2d. at 276-77.
¶ 10 The Illinois Court of Appeals rejected a similar claim in In re the Parentage of JS, 193 Ill.App.3d 563, 140 Ill.Dec. 621, 550 N.E.2d 257 (1990). The under-age father appealed the trial court's child support order arguing Illinois public policy protected minors from the consequences of their "improvident conduct." The court of appeals disagreed, stating:
We note that contrary to the respondent's position, Illinois public policy has never offered blanket protection to reckless minors.... At the same time, Illinois public policy has recognized the blanket right of every child to the physical, mental, emotional, and monetary support of his or her parents.... The public has an interest *1135 in protecting children from becoming wards of the state....
In the instant case, we find that the public policy mandating parental support of children overrides any policy of protecting a minor from improvident acts.
Id., at 565, 140 Ill.Dec. 621, 550 N.E.2d at 258 (citations omitted).
¶ 11 In San Luis Obispo Co. v. Nathaniel J., 50 Cal.App.4th 842, 57 Cal.Rptr.2d 843 (1996), the father was fifteen and the mother thirty-four when their consensual sexual relations resulted in the birth of a child. The California Court of Appeals rejected father's argument he was not required to pay child support because he was the victim of statutory rape for which mother was convicted. Observing that father engaged in consensual sexual intercourse with mother five times over a two-week period, the court reasoned "[o]ne who is injured as a result of criminal conduct in which he willingly participated is not a typical crime victim" and every child has a right to support from both parents. Concluding that exacting child support under such circumstances does not violate the public policy that protects minors from sexual exploitation by adults, the court upheld the child support ruling. Id. at 845, 57 Cal.Rptr.2d 843. See also Hamm v. Office of Child Support Enforcement, 336 Ark. 391, 398, 985 S.W.2d 742 (1999) (accepting general rule that "father who had been below the age of consent for sexual intercourse under criminal sexual conduct statutes at the time of conception is liable for supporting child resulting from that union"); SF v. State ex rel TM, 695 So.2d 1186, 1189 (Ala.Civ.App.1996) (reasoning the child is an innocent party and the purpose behind the state parentage act is to provide for the welfare of the child, and holding "any wrongful conduct on the part of the mother should not alter the fathers's duty to provide support for the child"); Jevning v. Cichos, 499 N.W.2d 515, 518 (Minn.App.1993) (holding finding of nonconsent under criminal law does not translate to nonliability for child support in a civil forum); Weinberg v. Omar E, 106 A.D.2d 448, 482 N.Y.S.2d 540, 541 (N.Y.App.Div.1984) (holding age of father is irrelevant to paternity proceeding and does not excuse father from his duty to support child).
¶ 12 We find these authorities persuasive. The record shows Stringer voluntarily engaged in sexual intercourse with Baker, which act resulted in K.B.'s conception. Stringer was not an innocent victim of Baker's criminal act, and the law should not excuse him from his responsibility to support his biological child. Oklahoma's public policy mandating parental support of children outweighs any policy of protecting minors from the consequences of their willing participation in sexual misconduct with adults. Stringer's arguments to the contrary ignore that his support payments are for the benefit of K.B., who is completely blameless in this matter. The fact that Stringer was fifteen years old when K.B. was conceived does not absolve him of his duty to provide support to his biological daughter. It would be an injustice to K.B. were we to hold otherwise.
¶ 13 As a secondary matter, Stringer argues it was error for the trial court to grant summary judgment in Baker's favor because she failed to verify her motion as required by Rule 4(c), Rules for District Courts of Oklahoma, 12 O.S. Ch. 2, App. 1. First, Rule 4(c) applies only to motions "raising issues of fact." In her summary judgment motion, Baker made legal arguments based on facts not in dispute. Stringer has also admitted those facts on appeal. Second, while Rule 4(d) states the trial court "may" deny without a hearing any motion that does not comply with the verification requirements of Rule 4(c), it does not mandate the trial court do so. Finally, Stringer admits Baker's amended motion for summary judgment included a verified statement by the attorney of record and fails to show how this verification is not in compliance with Rule 4(c).
¶ 14 Stringer's final argument on appeal is that the doctrine of issue preclusion bars Baker's request for child support because the Texas court dismissed Baker's *1136 claim. For issue preclusion to apply, there must be a final decision on the merits. See Erwin v. Frazier, 1989 OK 95, ¶ 16, 786 P.2d 61, 64; Pierce v. Meredith, 1994 OK CIV APP 116, ¶ 3, 884 P.2d 860. The Texas trial court's order of dismissal was the result not of an adversarial proceeding on the merits of Baker's claim but on her failure to prosecute, and the trial court's dismissal was without prejudice. Stringer's contention of error is without merit.
¶ 15 We AFFIRM the trial court's ruling in all respects.
AFFIRMED.
HANSEN, J., and JOPLIN, J., concur.
NOTES
[1] Stringer does not appeal the order granting summary judgment to Baker on Stringer's petition for voluntary relinquishment of his parental rights.