v.

CABINET FOR HEALTH AND FAMILY SERVICES and K.G.D., Appellees.

No. 2012–CA–000670–ME.

Court of Appeals of Kentucky.

Oct. 26, 2012.

Brian K. Pack, Glasgow, KY, for Appellant.

Dennis K. Wilcutt, Glasgow, KY, for Appellee.

Before CAPERTON, LAMBERT and VANMETER, Judges.

### OPINION

LAMBERT, Judge:

J.D.C. appeals from a judgment of paternity entered by the Barren Circuit

Court adjudging him to be the biological father of S.E.D. After careful review, we reverse and remand.

This appeal arises from a paternity complaint filed by K.G.D., the appellee herein, alleging that J.D.C. was the natural father of S.E.D. J.D.C. did not dispute that K.G.D. was a guest in his home at the time of conception, but denied sexual intercourse or contact with K.G.D. Genetic testing ultimately confirmed that there is a 99.99% probability that J.D.C. is the biological father of the child.

At a pretrial hearing on March 12, 2012, the Commonwealth orally sought entry of a Judgment of Paternity without an evidentiary hearing. J.D.C. did not contest the reliability of the genetic test results; however, he argued to the trial court that he was nonetheless entitled to an evidentiary hearing. J.D.C. sought to introduce evidence that he should not be deemed the father of the child due to the fact that he had not had sexual intercourse with K.G.D., but that she had instead obtained a specimen of his sperm from a used condom she found in a garbage can in his home after he had a sexual encounter with his wife. J.D.C. sought to introduce evidence that K.G.D. unlawfully removed his condom without his permission or knowledge and then inseminated herself with his sperm with the intention of becoming pregnant. Because K.G.D. was a guest in his home at this time, she had the opportunity to take this action.

The trial court denied J.D.C.'s request for an evidentiary hearing and granted the judgment of paternity. Because J.D.C. is now incarcerated, he was appointed counsel and now appeals *in forma pauperis.*

J.D.C. submits that the trial court erred as a matter of law when it refused to conduct an evidentiary hearing before its entry of the judgment of paternity. Because J.D.C. raises an issue of law, the appropriate standard of review is *de novo. Caesars Riverboat Casino, LLC v. Beach,* 336 S.W.3d 51 (Ky.2011).

J.D.C. argues that the trial court's refusal to grant him an evidentiary hearing was contrary to Kentucky Revised Statutes (KRS) Chapter 406. KRS 406.091(3) states that, "[g]enetic test results are admissible and shall be weighed along with other evidence of the alleged father's paternity." We agree with J.D.C. that the implication of this statute is that genetic testing alone is insufficient to establish paternity if the father were to raise a legally sufficient reason as to why paternity should not be entered against him. This is denoted by the language, "along with other evidence."

A father's right to an evidentiary hearing prior to the entry of a judgment is more clearly set forth in KRS 406.111. The statute states when a genetic test result of ninety-nine percent (99%) shows a particular man to be the father of a child, it creates a "rebuttable presumption." The statute further states that the "presumption shall only be rebutted by preponderance of the evidence." If the prospective father does not rebut the presumption, then the court may enter a summary judgment of paternity.

We agree with J.D.C. that the inescapable conclusion of this statute is that a prospective father would still have the right to an evidentiary hearing to proffer evidence as to why a judgment of paternity should not be entered against him. Because the trial court did not allow for an evidentiary hearing in the instant case, it erred as a matter of law.

The Commonwealth argues that even if an evidentiary hearing had been held, J.D.C. could not have prevailed on his argument that he should not be adjudged the child's father. In support of this, the Commonwealth cites *Commonwealth of Kentucky ex rel. Rush v. Hatfield,* 929

S.W.2d 200 (Ky.App.1996), where this Court concluded that Kentucky's strong public policy requiring fathers to support their out-of-wedlock children must take preference over any policy which may be embodied in statutory rape legislation. However, in that case, although the appellant father was a minor, he consented to the sexual conduct which resulted in a child being born. In the instant case, J.D.C. is arguing that he did not consent to any such sexual conduct, and therefore the public policy argument is not triggered. We agree that J.D.C. should at least have been entitled to present his evidence rebutting the presumption of paternity at an evidentiary hearing.

The Commonwealth also cites *State v. Frisard*, 694 So.2d 1032 (La.App.1997), for the proposition that a man is strictly liable for his sperm if he engages in consensual sexual contact, which includes being liable for child support even if he does not have sexual intercourse with the child's mother. Again, the instant case can be distinguished because J.D.C. is not arguing that he only had sexual contact with K.G.D. rather than having sexual intercourse. Instead, J.D.C. is arguing that he had no sexual contact whatsoever with K.G.D. and therefore should not be adjudged to be the child's biological father. Therefore, we find the Commonwealth's reliance on *Frisard* to be without merit.

J.D.C. was entitled to an evidentiary hearing to rebut the presumption that he is S.E.D.'s father. Based on the foregoing, we reverse the Barren Circuit Court's March 13, 2012, order adjudging J.D.C. to be the father of S.E.D. and remand this matter for an evidentiary hearing.

ALL CONCUR.