**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTOR B. VALENCIA,

              *Petitioner,*

v.

ALBERTO R. GONZALES,* Attorney General,

              *Respondent.*

No. 03-72028

Agency No.
A70-972-808

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 9, 2004—San Francisco, California

Filed May 12, 2005

Before: Diarmuid F. O'Scannlain, Robert E. Cowen,** and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea;
Concurrence by Judge Bea

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

**The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

**COUNSEL**

James Todd Bennett, El Cerrito, California, for the petitioner.

Peter D. Keisler, Donald E. Keener, Greg D. Mack, Office of Immigration Litigation, Washington, D.C., for the respondent.

## **OPINION**

BEA, Circuit Judge:

Victor Valencia, a native and citizen of Peru, petitions for review from the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") order of removal. Valencia was convicted of felony[1] unlawful sexual intercourse with a person under 18, who was more than three years younger than he, in violation of California Penal Code section 261.5(c). The IJ found Valencia removable for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), holding the crime constituted a crime of violence under 8 U.S.C. § 1101(a)(43)(F), which defines a crime of violence pursuant to 18 U.S.C. § 16. Our jurisdiction is controlled by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Valencia also argued that he should have been allowed to apply for an adjustment of status based on his marriage to a United States citizen. Because we conclude that we lack jurisdiction to review the BIA's removal order, we will not consider the merits of this argument.

I

On May 29, 1997, Valencia pleaded guilty to a felony violation of California Penal Code section 261.5(c). He was sentenced to five years in state prison, but the imposition of his sentence was suspended, and he was placed on five years probation, on the condition that he serve one year in the county jail. At the change of plea hearing, the judge specifically advised, and Valencia acknowledged, that this conviction could be used to deport him.

---

[1] A violation of section 261.5(c) can be charged as either a misdemeanor or a felony. Here, it was charged as a felony.

Valencia was charged in the notice to appear with being removable as an aggravated felon for committing sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A), and for committing a crime of violence under 8 U.S.C. § 1101(a)(43)(F).

II

The IJ found Valencia removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), holding that the crime constituted a crime of violence under 8 U.S.C. § 1101(a)(43)(F), as defined in 18 U.S.C. § 16.

The cases deciding whether a violation of California Penal Code § 261.5(c) is an aggravated felony usually decide the case by evaluating whether it constitutes sexual abuse of a minor in violation of 8 U.S.C. § 1101(a)(43)(A).[2] But here, the IJ dismissed the 8 U.S.C. § 1101(a)(43)(A) charge. The government does not cross-appeal such dismissal.

At the hearing on the merits, Valencia sought to apply for an adjustment of status from that of an illegal alien to that of a legal permanent resident based on his marriage to a United States citizen. Having ruled that Valencia's conviction constituted a prior conviction of a crime of violence, the IJ did not determine whether Valencia's conviction also constituted a crime of moral turpitude, thus barring his application for an adjustment of status.

---

[2]Under this court's case law, sexual intercourse with a minor constitutes "sexual abuse of a minor." *See United States v. Granbois*, 376 F.3d 993, 996 (9th Cir. 2004); *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1149 (9th Cir. 2003) (conviction under Virginia law for "carnal knowledge" without use of force of a child between the ages of 13 and 15 is "sexual abuse of a minor"); *see also United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (use of young children for the gratification of sexual desires is conduct that falls within the common, everyday meaning of "sexual abuse of a minor").

The BIA summarily affirmed the IJ's ruling.

## III

We do not have jurisdiction to review the propriety of any final order of removal against an alien who is ordered removed for having committed an aggravated felony covered in 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(C); *Flores-Miramontes v. INS,* 212 F.3d 1133 (9th Cir. 2000); *Aragon-Ayon v. INS*, 206 F.3d 847, 849-50 (9th Cir. 2000). We do, however, have jurisdiction to consider the limited question whether a crime is an aggravated felony. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065 (9th Cir. 2003). For the reasons discussed below, we hold that Valencia's crime was an aggravated felony.

## IV

Under the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575 (1990), a violation of section 261.5(c) qualifies as a crime of violence and hence an aggravated felony, "if and only if the full range of conduct covered by it falls within the meaning of that term." *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (citation omitted).

**[1]** Under 8 U.S.C. § 1227(a)(2)(A)(iii) "an alien who is convicted of an aggravated felony at any time is deportable." 8 U.S.C. § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."

**[2]** Section 16 of Title 18 in turn defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force

against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves **a substantial risk that physical force against the person or property of another may be used in the course of committing the offense**.

18 U.S.C. § 16 (emphasis added). The "physical force" necessary to constitute a crime of violence under 18 U.S.C. § 16(b) must be violent in nature. *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000).

The statute to which Valencia pleaded guilty provided:

Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison.

Cal. Penal Code § 261.5(c) (1997).

**[3]** Section 261.5(c) does not have "as an element the use, attempted use, or threatened use of [violent] physical force against the person or property of another." 18 U.S.C. § 16(a). Therefore, under the *Taylor* categorical approach, we consider whether the "full range of conduct" covered by section 261.5(c), *see Baron-Medina*, 187 F.3d at 1146, "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). We are bound by our precedent to conclude that it is.

**[4]** In *United States v. Granbois*, 376 F.3d 993 (9th Cir. 2004), this court held that a violation under 18 § U.S.C. 2244(a)(3) was categorically a crime of violence under U.S.S.G. § 4B1.2(a) because it involved the sexual abuse of

a minor. *Id.* at 996. We later followed the holding in *United States v. Asberry*, 394 F.3d 712, 715-16 (9th Cir. 2004).

In *Granbois*, the statute at issue defined a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents **a serious potential risk of physical injury to another**.

U.S.S.G. § 4B1.2(a) (emphasis added).

**[5]** Granbois was convicted under 18 U.S.C. § 2244(a)(3), which provides that it is a crime for a person to have sexual contact with another person who is between the ages of 12 and 15 and is at least four years younger than the perpetrator.

There are two differences between *Granbois* and our case, but neither appears to be a distinctive difference.

First, *Granbois* was interpreting the portion of U.S.S.G. § 4B1.2(a), which defines a crime of violence as one that presents "a serious potential risk of physical injury to another." We are interpreting 18 U.S.C. § 16(b), which defines a crime of violence as one that "by its nature, involves a substantial risk that [violent] physical force against the person or property of another may be used in the course of committing the offense."

- Section 4B1.2(a) requires a "serious potential risk"; section 16(b) requires a "substantial risk." On this comparison, the former section would seem to require proof of a *lesser* risk than the lat-

ter; it deals with a "potential risk", rather than a "risk."

- Section 4B1.2(a) requires the risk be of "physical injury to another"; section 16(b) requires that "[violent] physical force against the person or property of another" be used. On this comparison, the former section would seem to require proof of *greater* damage than the latter; it deals with "physical injury", rather than "[violent] physical force."

Although the proof of culpability under both statutes may differ in another case because of the clear difference in the language of the two statutes, we cannot discern a difference between the two statutes as applied to statutory rape. We caution, however, that the differences between U.S.S.G. § 4B1.2(a) and 18 U.S.C. § 16(b) might prove to be dispositive in another case.[3]

The second difference is that in *Granbois*, the victim was at most 15, and here the victim was at most 17. Although there is clearly a difference between a 15 year-old and a 17 year-old, once again we cannot say it is a meaningful difference in this case where the statutes condemn an actor who creates a risk of physical injury or violent physical force. At either age, a young person is similarly in need of protection against such risks.

---

[3]*Contra United States v. Houston*, 364 F.3d 243 (5th Cir. 2004) (holding that a violation of the Texas statutory rape statute was not categorically a crime of violence under U.S.S.G. § 4B1.2(a)). In *Houston*, the Fifth Circuit distinguished its prior holding in *United States v. Velasquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996) (holding that a violation of the Texas statutory rape statute was categorically a crime of violence under 18 U.S.C. § 16(b)), based on the difference in language between section 4B1.2(a) and section 16(b). *Houston*, 364 F.3d at 247 n.5. Yet the court in *Houston* did not provide any reasoning as to why the difference in language between the two statutes was dispositive.

**[6]** Therefore, we are bound by *Granbois* and must follow it. *See Montana v. Johnson*, 738 F.2d 1074, 1077 (9th Cir. 1984) (holding that only this court sitting en banc may overrule a prior decision by a panel of this court); *see also United States v. Velasquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996) (holding that the statutory rape of a 16 year-old victim is categorically a crime of violence under 18 U.S.C. § 16(b)). We therefore deny Valencia's petition on this issue.

**[7]** Given that petitioner was removable for having committed an aggravated felony, we lack jurisdiction to consider the second issue Valencia raises of whether his conviction also constituted a crime of moral turpitude so as to preclude a waiver of inadmissability under 8 U.S.C. § 1182(h)(1)(B)(2), and thus bar his application for an adjustment of status under 8 U.S.C. § 1255(a). 8 U.S.C. § 1252(a)(2)(C); *Cedano-Viera*, 324 F.3d at 1064 ("We conclude that the court of appeals, having no jurisdiction to review Cedano-Viera's removal order because he was convicted of an aggravated felony, lacks jurisdiction to consider his constitutional challenges as well.").

We therefore dismiss for lack of jurisdiction this portion of Valencia's petition.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**

---

BEA, Circuit Judge, specially concurring:

I wanted to add a few of my own thoughts concerning *United States v. Granbois*, 376 F.3d 993, 996 (9th Cir. 2004). As I pointed out in my concurrence in *United States v. Asberry*, 394 F.3d 712, 720-21 (9th Cir. 2004), I continue to think *Granbois* was incorrectly decided. I find the reasoning of our sister circuits in *United States v. Thomas*, 159 F.3d

296, 299 (7th Cir. 1998) and *United States v. Houston*, 364 F.3d 243 (5th Cir. 2004) to be more persuasive.

In *Thomas*, the court considered Illinois' statutory rape law under a categorical approach and held that the government did not present sufficient evidence to prove the crime presents "a serious potential risk of physical injury to another":

> The government has not furnished us, nor did the district court cite, any studies or reasons that would support a conclusion that sex between a 16 year old girl (perhaps, as we said, a day short of 17) and a 22 year old man poses a potential risk of physical injury to the girl (or to her fetus, which we can assume is also "another" within the meaning of the statute, should the girl become pregnant). More than 40 percent of the 16 year old girls in our society have had sexual intercourse, Alan Guttmacher Institute, *Sex and America's Teenagers* 18-20 (1994); 45 of the 50 states permit marriage at 16—including Illinois (if the parents consent, as almost all the states require), 750 ILCS 5/203; and in a majority of states 16 is the age of consent, rather than 17 as in Illinois. In light of these legal and sociological facts, it is difficult to maintain on a priori grounds that sex is physically dangerous to 16 year old girls.

*Id.* at 299.

Similarly, in *United States v. Houston*, 364 F.3d 243 (5th Cir. 2004), the Fifth Circuit concluded that "sexual intercourse between a 20 year old male and a female a day under 17, free of aggravating circumstances such as the victim's lack of consent or the offender's use of violence, does not present a serious potential risk of physical injury." *Id.* at 248.[1]

---

[1]The courts in *Thomas* and *Houston* were looking at whether statutory rape presents "a serious potential risk of physical injury to another,"

As noted in the majority opinion, under the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575 (1990), a violation of section 261.5(c) qualifies as a crime of violence and hence an aggravated felony, "if and only if the full range of conduct covered by it falls within the meaning of that term." *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (citation omitted). There is no evidence in our case that consensual sex between a man who just turned 21 years old and a girl who is one day short of being 18 years old[5] would cause either "a serious potential risk of physical injury to another," or "a substantial risk that [violent] physical force against the person or property of another may be used in the course of committing the offense."

The court in *Granbois* arrived at its holding by incorporating the "crime of violence" definition of U.S.S.G. § 2L1.2 into U.S.S.G. § 4B1.2(a); since section 2L1.2 classifies "sexual abuse of a minor" as a "crime of violence," the court held engaging in sexual contact with a minor was also a "crime of violence" for purposes of section 4B1.2(a). *Id. Granbois* noted the difference between the "crime of violence" definitions in U.S.S.G. §§ 2L1.2 and 4B1.2(a), but held it was immaterial. *Id.* (quoting *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1153 (9th Cir. 2003)). In holding there is no difference between the "crime of violence" definitions in U.S.S.G. §§ 4B1.2(a) and 2L1.2, *Granbois* ignores the inclu-

---

whereas we are concerned with whether it presents "a substantial risk that [violent] physical force against the person or property of another may be used in the course of committing the offense." On the facts of this case, however, I do not think the difference in the statutes changes the analysis.

[5]Because under the categorical approach an offense is an aggravated felony only if the "full range of conduct covered by it falls within that term" we must evaluate whether a violation of section 261.5(c) is a crime of violence by using a hypothetical that involves the least culpable conduct possible that would still constitute a violation of section 261.5(c). *Baron-Medina*, 187 F.3d at 1146. Thus, we must assume that the sex was consensual. We must also assume the victim was one day short of 18 and the perpetrator had just turned 21.

sion of the "statutory rape" and "sexual abuse of a minor" terms in section 2L1.2, and the exclusion of those terms in section 4B1.2(a). Nevertheless, *Granbois* is controlling here and we are bound by it.