**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN ELIAS ESTRADA-ESPINOZA,
        *Plaintiff-Appellee,*

v.

ALBERTO R. GONZALES, Attorney
General,
        *Defendant-Appellant.*

No. 05-75850

Agency No.
A76-339-422

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 16, 2006—San Francisco, California

Filed August 16, 2007

Before: Andrew J. Kleinfeld and Sidney R. Thomas,
Circuit Judges, and Ronald B. Leighton,* District Judge.

Per Curiam Opinion;
Concurrence by Judge Thomas

---

*The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

## COUNSEL

Saad Ahmad, Saad Ahmad & Associates, Fremont, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, and Ernesto H. Molina, Jr. (argued), Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

PER CURIAM:

In this appeal, we consider whether a violation of California Penal Code § 261.5(c), one of California's statutory rape provisions, constitutes "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). Applying *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006), we conclude that it does, and we deny the petition for review.

I

Petitioner Juan Elias Estrada-Espinoza is a native and citizen of Mexico. He entered the United States in 1992, at the age of 12. He adjusted status to become a lawful permanent resident on June 25, 1998. The Department of Homeland Security ("DHS") placed Estrada-Espinoza in removal proceedings in 2005, charging him with being removable as an alien convicted of an aggravated felony. DHS based this charge on state statutory rape convictions stemming from Estrada-Espinoza's relationship with his younger girlfriend.

In June 2001, Estrada-Espinoza met Sonia Arredondo. At the time of their meeting, Estrada-Espinoza was 20 years old and Arredondo was either 15 or 16 years old. Estrada-Espinoza claims that Arredondo and her friends told him she was 18 at the time of their meeting, and that he did not learn of her true age until December 2001. The two began dating sometime after June 2001, and began living together at the house of Estrada-Espinoza's parents a few months after they met. Estrada-Espinoza claims that both sets of parents approved of the relationship and that he regularly visited his girlfriend's parents. After six months of living with Estrada-Espinoza's parents, the couple apparently moved to a residence of their own. During this time, Estrada-Espinoza worked in various grocery stores to support himself, his girlfriend, and, eventually, the child they raised together.

On July 13, 2004, the District Attorney filed statutory rape charges against Estrada-Espinoza, alleging fourteen counts of various sex offenses. On October 25, 2004, Estrada-Espinoza was convicted on four counts, all of them relating to sexual activity with his girlfriend between November 30, 2001, and November 30, 2003: unlawful sexual intercourse with a person under 18 and three years younger than defendant, not defendant's spouse, Cal. Penal Code § 261.5(c); sodomy of a person under 18, *id.* § 286(b)(1); oral copulation of a person under 18, *id.* § 288a(b)(1); and sexual penetration by a foreign object of a person under 18, *id.* § 289(h). The court sentenced Estrada-Espinoza to 365 days in county jail, with credit for time served, on February 15, 2005. It is unclear from the record how he pled or whether there was a trial.

After DHS commenced removal proceedings, Estrada-Espinoza admitted the allegations but denied removability and moved to terminate the removal proceedings. On July 8, 2005, the Immigration Judge ("IJ") denied the motion to terminate the proceedings and found Estrada-Espinoza removable as an "aggravated felon" under 8 U.S.C. § 1227(a)(2)(A)(iii), as that term is defined in 8 U.S.C. § 1101(a)(43)(A), the Immigration and Nationality Act. That provision defines "aggravated felony" as the "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). The IJ appeared to rest this decision on Estrada-Espinoza's conviction under California Penal Code § 261.5(c), the statutory rape law criminalizing sexual intercourse with someone under 18 and three years younger than the defendant, not the defendant's spouse. The IJ relied at least in part on our withdrawn opinion in *Valencia v. Gonzales*, 406 F.3d 1154 (9th Cir. 2005), which found that § 261.5(c) was a crime of violence and hence an aggravated felony. (The IJ recognized that Estrada-Espinoza was being removed for "sexual abuse of a minor," not a "crime of violence.") The IJ did not have the benefit of the *Valencia* panel's amended opinion holding that § 261.5(c) is not a crime of violence under 8 U.S.C. § 1101(a)(43)(F). *Valencia v. Gonzales*, 439 F.3d 1046 (9th Cir. 2006).

Estrada-Espinoza appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on October 5, 2005. The BIA found no merit to Estrada-Espinoza's argument that because the sexual acts were consensual, "no violence was used and that there is no evidence of potential harm to the victim." Instead, referring to definitions of "sexual abuse of a minor" used in the past by this court and the BIA, the BIA found that a "person who engages in the described conduct has necessarily exploited that child for the purpose of sexual gratification. Such exploitation conforms to the definition of 'sexual abuse' adopted by this Board . . . and also fits the ordinary, contemporary and common meaning of the term 'abuse' under . . ." Ninth Circuit precedent. The BIA affirmed Estrada-Espinoza's status as an aggravated felon, citing all four of the statutes of conviction. This timely petition followed.

## II

**[1]** Estrada-Espinoza asks us to decide whether his prior convictions under various statutory rape laws qualify as aggravated felonies because they involve the "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). If they do, he is removable as an alien who has been convicted of an aggravated felony after his admission to the United States. 8 U.S.C. § 1227(a)(2)(A)(iii). In making this determination, we employ the familiar "categorical approach," looking only at " 'the fact of conviction and the statutory definition of the prior offense.' " *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). The categorical approach dictates that a statutory rape crime qualifies as sexual abuse of a minor and hence as an aggravated felony " 'if and only if the full range of conduct covered by it falls within the meaning of' " sexual abuse of a minor. *Valencia*, 439 F.3d at 1049 (quoting *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999)).

If the statute criminalizes any conduct that falls outside the definition of sexual abuse of a minor, we then employ the "modified categorical approach," in which the conviction may be considered an aggravated felony only if "the record includes documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *Corona-Sanchez*, 291 F.3d at 1203 (internal quotation marks omitted).

**[2]** The offenses committed by Estrada-Espinoza include the same basic elements, differing only in the type of sexual activity involved. All require one participant to be under age 18, and none require any use of force or coercion. *See* Cal. Penal Code §§ 261.5(c), 286(b)(1), 288a(b)(1), 289(h). Section 261.5(c) is slightly different, however, in that it requires one participant to be under age 18 *and* more than three years younger than the defendant *and* not the spouse of the defendant. By their plain language, the other statutes do not require these additional elements.

**[3]** We recently held that California Penal Code § 261.5(c) categorically constitutes sexual abuse of a minor under the generic definition: "[a] conviction under [§ 261.5(c)] meets the BIA's interpretation of 'sexual abuse of a minor' as encompassing any offense that involves 'the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct . . . .' " *Afridi v. Gonzales*, 442 F.3d 1212, 1217 (9th Cir. 2006) (quoting *Matter of Rodriguez-Rodriguez*, 22 I & N Dec. 991, 991, 995 (BIA 1999)). *Afridi* is binding precedent and controls this case. Because *Afridi* held that a conviction pursuant to § 261.5(c) categorically qualifies as a "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), *Afridi*, 442 F.3d at 1217, Estrada-Espinoza has been convicted of an aggravated felony. *Afridi* also adopted the BIA's definition of "minor" as anyone under the age of 18, *id.* at 1216, 1217; that definition is controlling and forecloses Estrada-Espinoza's argument that "minor" should be defined, for sexual abuse purposes, as

anyone under age 16 to reflect the age of consent in the majority of states. Therefore, the BIA and IJ did not err in denying relief, and we must deny the petition for review.

**PETITION DENIED.**

---

THOMAS, Circuit Judge, with whom LEIGHTON, District Judge, joins, concurring:

I concur in the opinion because there is no principled distinction to be drawn between this case and *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006). Application of *Afridi* requires us to deny the petition.

I write separately to suggest respectfully that *Afridi* was incorrectly decided and should be reconsidered.

I

The fundamental problem[1] with the statutory analysis in

---

[1]Another difficulty with the reasoning of *Afridi* is that, although purporting to conduct a categorical analysis under *Taylor,* the panel arguably employed the modified categorical approach by analyzing the statute through the lens of the specific facts involved in *Afridi*. *See* 442 F.3d at 1217 ("Mr. Afridi had sexual intercourse with a seventeen-year-old girl who was more than three years younger than he . . . . Therefore, *his* offense falls within [the BIA's] definition.") (emphasis added). This approach is contrary to the *Taylor* categorical approach, which requires us to examine the "full range of conduct" embraced by the statute, *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999), including the "least egregious" situation the statute criminalizes, *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006). Although *Afridi* mentioned the "full range of conduct" standard, it did not conduct such an analysis and did not, for instance, examine whether consensual sex between a 17 year-old boy and a 20-year-old woman, or a person about to turn 18 and a person who just turned 21, constitutes sexual abuse of a minor. *See id.*; *Valencia v. Gonzales*, 439 F.3d 1046, 1052 n.3 (9th Cir. 2006). *Afridi*, by contrast, involved a 32-year-old man picking up a 17-year-old girl on the side of the road and having sex with her for money. *Afridi*, 442 F.3d at 1214-15.

*Afridi* is that, in contrast to the statutory language and other decisions of this court, *Afridi* does not require "abuse" to be an element of the generic definition.

Because "sexual abuse of a minor" is a non-traditional offense, *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006), we define it "based on the ordinary, contemporary, and common meaning of the statutory words," *id.* (internal quotation marks omitted); *see also United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999). *Afridi* deferred to the BIA definition of the offense, namely "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." *Afridi*, 442 F.3d at 1215-16 (internal quotation marks omitted).

The difficulty with this construction is that it does not take into account the entirety of the crime described by Congress, "sexual abuse of a minor." Although the BIA definition, as construed in *Afridi*,[2] encompasses the terms "sexual" and "minor," it does not address the term "abuse." We have consistently required definitions of "sexual abuse of a minor" to define and take into account all three terms. *See Lopez-Solis*, 447 F.3d at 1207 (examining the dictionary definition of

---

[2]It seems to me that a better construction of the BIA definition would give effect to the phrase "sexual exploitation of children" such that the phrase would qualify the phrase "sexually explicit conduct." Under this reading of the BIA's definition, sexual abuse of a child would include the "use . . . of a child to engage in . . . sexually explicit conduct [that is a form of] sexual exploitation of children . . . ." This reading of the definition clearly accounts for Congress' use of the word "abuse" and would comport with the BIA's definition of abuse in *Rodriguez-Rodriguez*, in which the BIA noted that "[a]buse is defined in relevant part as physical or mental maltreatment. This definition suggests that the common usage of the term includes a broad range of maltreatment of a sexual nature . . . ." *Rodriguez-Rodriguez*, 22 I & N Dec. at 996.

"abuse"); *United States v. Pallares-Galan*, 359 F.3d 1088, 1100 (9th Cir. 2004) (same); *Baron-Medina*, 187 F.3d at 1147 (examining the "everyday meanings of the words 'sexual' and 'minor,' " as well as " 'abuse' "). Defining "sexual abuse of a minor" without taking into account the term "abuse" would presume that Congress meant to cover not "sexual abuse of a minor," but "sex with a minor," rendering the term "abuse" mere surplusage. Our duty, however, is "to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted).

In other decisions, we have construed the word "abuse" as " 'physical or nonphysical misuse or maltreatment' " or " 'use or treat[ment] so as to injure, hurt, or damage.' " *Lopez-Solis*, 447 F.3d at 1207 (quoting *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001); *Pallares-Galan*, 359 F.3d at 1100). However, the BIA definition, as construed by *Afridi*, does not account for abuse. Rather, it permits a conviction under California Penal Code § 261.5(c) for consensual sexual intercourse between a young man or woman one day short of 18 years old and a person who just turned 21 to be considered an aggravated felony in application of immigration law.[3]

---

[3]There is no question that there is a "reasonable probability," *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007), that conduct covered by § 261.5(c) includes consensual sex between a 17-year-old male or female and a 21-year-old, as demonstrated by the plain language of the California statute, *see United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007), as well as by the fact that California courts have upheld convictions in such cases, *see In re Akinremi*, 2006 WL 3404799 *1, *2 n.6 (Cal. Ct. App. 2006) (unpublished decision) (defendant, who was 21 at the time of his guilty plea, had consensual sex with a female who was either almost 17 or 17 years old); *People v. Stow*, 2006 WL 2671001 *1 (Cal. Ct. App. 2006) (unpublished decision) (27-year-old female teacher had consensual sex with her 17-year-old male students); *People v. Broussard*, 2005 WL 776060 *1 (Cal. Ct. App. 2005) (unpublished decision) (22-year-old male had consensual sex with 17-year-old female); *see also People v. Hernandez*, 393 P.2d 673, 674 (1964) (male defendant had been convicted, under prior California statutory rape law, for having consensual sex with a female who was "17 years and 9 months of age"). Indeed, in this very case, Estrada-Espinoza was charged for conduct occurring up to November 30, 2003, when his girlfriend would have been 17 years old.

In every decision, other than *Afridi*, in which we have examined a statutory rape law applying to victims age 16 and over,[4] we have either found the statute not categorically a crime of "sexual abuse of a minor" or not categorically a "crime of violence" (which necessarily eliminates the possibility that statutory rape always contains an aspect of force or the threatened use of physical force). In addition, we and our sister circuits have taken great care to distinguish between statutes applying to victims under 16 years old and those applying to 16- and 17-year-olds, suggesting that the latter do not categorically meet the generic definition.

Indeed, we indicated our strong disagreement with *Afridi* when we held that a Tennessee statutory rape law similar to § 261.5(c) does not involve psychological or physical abuse. *Lopez-Solis*, 447 F.3d at 1207-09. In that case, we had to determine whether a Tennessee conviction for "sexual penetration of a minor under 18 years of age by an individual who is at least four years older," *id.* at 1204, constitutes "sexual abuse of a minor" and therefore a "crime of violence" under the 2002 version of the United States Sentencing Guidelines, *id.* at 1203. We noted that although we have always held statutory rape laws applying to victims under the age of 16 to constitute "sexual abuse of a minor," we had not made the same holding with regard to laws prohibiting sexual contact with those 16 and over. *Id.* at 1206. We explained that "the age of the victim is material. The age affects whether the conduct the statutory rape law covers constitutes 'abuse.' " *Id.*

More specifically, we held that "[c]onsensual sexual penetration of an individual between the ages of 17 and 18 by a 22 year old does not necessarily involve physical 'misuse,' 'injur[y],' or 'assault' " because neither physical force nor resulting physical injury are required and because the Tennes-

---

[4]*United States v. Melton*, 344 F.3d 1021, 1028 (9th Cir. 2003), is another exception, but there we were careful to note that the state statute applied to *incest* with people under age 18.

see law covered consensual sexual relationships. *Id.* at 1207. We also held that psychological abuse was not necessarily a component of sexual penetration of a 17-year-old for two reasons. First, because the government failed to provide any evidence showing such harm and "[i]n the absence of evidence, we refuse to assume the existence of harm." *Id.* at 1208 (internal citation omitted) (citing *United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998)). Second, because "our prior caselaw — as well as common sense — suggest that, while consensual underage sex *may be psychologically harmful to a young teen, it may not be harmful to an older one*." *Id.* (internal citation omitted) (emphasis added). We explained that "a teen's capacity to understand the nature of sexual relations increases gradually as he or she grows older. Thus, an almost 18 year old typically will have a higher level of sophistication about sex . . . than a younger teen or child." *Id.* at 1209.

Although the Tennessee statute differs slightly from § 261.5(c) — in that California's law requires only a three year age difference, rather than four years, and that Tennessee criminalizes penetration by any body part, *see id.* at 1207 n.33 — these slight differences should not make the *Lopez-Solis* holding any less applicable to this case. Indeed, we and our sister circuits have been careful on other occasions to distinguish between laws governing the sexual behavior of younger teenagers from those governing the behavior of 16- and 17-year-olds. *See*, *e.g.*, *Melton*, 344 F.3d at 1028 (recognizing the trend of treating older teenagers differently but distinguishing Alaska law because it applies to those under 18 only when incest or similar familial relationships are involved); *Pallares-Galan*, 359 F.3d at 1101; *Thomas*, 159 F.3d at 299 (7th Cir. 1998); *United States v. Kirk*, 111 F.3d 390, 395 n.8 (5th Cir. 1997) ("Importantly, the circumstances surrounding sexual contact between [a 19-year-old and a 16-year-old] are far different from those surrounding sexual contact between a young child and a much older adult.").

We extended that line of thought in the context of other generic offenses as well. Prior to *Afridi*, we interpreted

§ 261.5(c) in determining whether the California statute was categorically a "crime of violence" and thus an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *Valencia*, 439 F.3d 1046. As *Valencia* explained, a crime of violence could be any offense " 'that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' " *Id.* at 1049 (quoting 18 U.S.C. § 16). We recognized that other circuits had held that "the non-consent of the victim is the touchstone for determining whether a conviction constitutes a crime of violence under § 16(b)" because "a touching without the victim's consent presents a substantial risk that force *may* be used." *Id.* at 1050 (internal quotation marks omitted). However, "[n]one of our sister circuits has considered whether consensual sexual intercourse with a minor between the ages of seventeen and eighteen" — the full range of conduct involved here — "is a crime of violence under § 16(b)." *Id.* As a result, because "California sets the age of majority at eighteen, Cal. Penal Code § 261.5(a), *this case requires us to break new ground.*" *Id.* (emphasis added). Thus, we acknowledged a significant difference between sexual relations with someone under 16 and sexual relations with someone between the ages of 16 and 18.

Moreover, we found that "the assumption that a minor's legal incapacity implies that the proscribed sexual intercourse is non-consensual . . . may be valid where the minor is a younger child [but] does not hold true where the victim is an older adolescent, who is able to engage in sexual intercourse voluntarily, despite being legally incapable of consent." *Id.* at 1051. We then examined a number of California cases clarifying that § 261.5(c) criminalizes completely voluntary conduct by two consenting parties. *Id.* at 1051-52. After taking all of this into consideration, we held that because § 261.5(c) "includes consensual sexual intercourse between a twenty-one-year-old and a minor one day shy of eighteen," and because "a minor of this age is 'fully capable of freely and voluntarily consenting' " there is no substantial risk that physical force

will be used in committing the offense. *Id.* at 1052-53. *See also Thomas*, 159 F.3d at 299-300 (7th Cir. 1998) (holding that statutory rape between a 22-year-old male and a 17-year-old female is not a "violent felony").

In *Valencia* we did acknowledge, however, that although the use of force is not necessary to accomplish violations of § 261.5(c), the "risk of physical injury" may be involved. We distinguished the case of *United States v. Asberry*, which held that statutory rape of a victim under age 16 is categorically a crime of violence under the Sentencing Guidelines. 394 F.3d 712, 717-18 (9th Cir. 2006). The Guidelines define "crime of violence" differently from the definition in the INA, because while the INA defines "crime of violence" based on the "risk that physical force may be *used* to commit the crime," the Guidelines define it based on "the physical injuries that might *result*." *Valencia*, 439 F.3d at 1053. This distinction is of no relevance in the context of "sexual abuse of a minor," however, because both the use of physical force and a resulting physical injury would fall under the common understanding of physical abuse or maltreatment. As a result, *Asberry* deserves a closer look.

In *Asberry*, we held that "[s]exual intercourse with adults poses serious potential risks of physical injury to *adolescents of ages fifteen and younger*." 394 F.3d at 717 (emphasis added). We reasoned that "[b]oth sexually transmitted diseases and the physical risks of pregnancy among adolescent females are 'injuries' as the term is defined in common and legal usage." *Id.* As *Valencia* acknowledged, the risks of pregnancy and disease are possible even where the sex is entirely consensual. *Valencia*, 439 F.3d at 1053. *Asberry*'s holding, as well as its concerns, are distinguishable from the present case, however. The statute at issue in *Asberry* criminalized sex with a person 15 or under, and our holding explicitly limited its finding of physical injury to girls in that age group. *See Asberry*, 394 F.3d at 717. As we noted in *Lopez-Solis*, "the age of the victim is material. The age affects whether the con-

duct . . . constitutes 'abuse.' " 447 F.3d at 1206. There is an enormous difference between a 15-year-old's knowledge of sex and pregnancy and that of a 17-year-old about to turn 18.

Moreover, Judge Posner writing for the Seventh Circuit has found that although "a 13 year old is unlikely to appreciate fully or be able to cope effectively with the disease risks and fertility risks of intercourse and [is likely to have] a high risk pregnancy . . . ," the government was unable to provide "any studies or reasons that would support a conclusion that sex between a 16 year old girl (perhaps, we said, a day short of 17) and a 22 year old man poses a potential risk of physical injury to the girl." *Thomas*, 159 F.3d at 299. *See also Lopez-Solis*, 447 F.3d at 1208 (refusing to assume psychological harm where the government failed to provide any evidence of it). The Seventh Circuit acknowledged that "there is evidence that a 16 year old girl is at greater risk of physical injury, in the event that she becomes pregnant, than if she were older . . . ," as well as at greater risk of disease, but concluded that "the risk of sex to 13 year old girls is much greater than the risk to 16 year olds." *Thomas*, 159 F.3d at 299, 300. The Seventh Circuit based its reasoning in part on the fact that 45 states permit marriage at age 16 and that "[m]ore than 40 percent of the 16 year old girls in our society have had sexual intercourse." *Id.* at 299. Certainly the same arguments apply with greater force to § 261.5(c), which criminalizes sex with a male or female of age 17 as well. In line with the Seventh Circuit's analysis and our understanding of age differences as expressed in *Lopez-Solis*, *Asberry* is readily distinguishable because while pregnancy and disease pose serious risks of physical injury to people 15 and under, they do not necessarily pose that same risk to the far more sophisticated group of 17-year-old young women and men. The government has presented no evidence to the contrary.

To summarize, *Valencia* establishes that § 261.5(c) does not categorically involve the use or threat of physical force, and physical injury is not a necessary result of conduct that

violates § 261.5(c). Because physical abuse or maltreatment is not a necessary element of the crime, the only way § 261.5(c) could qualify as "sexual abuse of a minor" is if it necessarily involves psychological abuse or maltreatment. We have already held that other statutory rape laws involving 16- or 17-year-olds may be entirely free of psychological or physical abuse. *See*, *e.g.*, *Lopez-Solis*, 447 F.3d at 1207-09. For these reasons, I believe that we should reconsider *Afridi* and hold that § 261.5(c) is not categorically a crime of "sexual abuse of a minor."

This holding would be reinforced by the statutory rape laws of the vast majority of states. Forty-five states permit marriage at age 16 if the parents consent, and the majority of states set the age of sexual consent at age 16 as well. *See Thomas*, 159 F.3d at 299. California is joined by only about six other states in criminalizing sexual intercourse between a 21-year-old and someone about to turn 18. *See* "Statutory Rape Laws by State," Connecticut Office of Legislative Research, April 14, 2003, at www.cga.ct.gov/2003/olrdata/jud/rpt/2003-R-0376.htm; "Statutory Rape: A Guide to State Laws and Reporting Requirements," The Lewin Group, prepared for the Department of Health and Human Services, Dec. 15, 2004, at www.lewin.com/Lewin_Publications/Human_Services/StateLawsReport.htm. Thirty-five states permit sexual intercourse between a 22-year-old and someone who just turned 16, almost two years younger than California would permit. "Statutory Rape Laws by State"; "Statutory Rape: A Guide to State Laws." In addition, another seven states permit consensual sex between someone who just turned 21 and someone who is close to turning 17, which § 261.5(c) would not allow. "Statutory Rape Laws by State"; "Statutory Rape: A Guide to State Laws." The fact that the vast majority of states do not forbid consensual sexual intercourse with a 17-year-old male or female indicates that such conduct is not necessarily abusive[5] under the ordinary, contemporary, and common meaning of "abuse."

---

[5]It should also be noted that the California courts charged with interpreting California's statutory rape laws have recognized that "a minor over

## II

The misapplication of *Afridi* becomes apparent when we examine the facts of this case. There is no suggestion of abuse in any form. The couple had a relationship, approved by both parents, and lived together in the home of the petitioner's parents. They had a child together and ultimately moved into a separate residence. If they had solemnized their relationship by marriage, no prosecution would have been possible. Because they did not, Estrada-Espinoza is now considered a removable aggravated felon under *Afridi*. However, it is difficult for me to discern how these circumstances qualify as "sexual abuse of a minor" as we would consider those terms in a common sense manner.

Thus, I suggest that *Afridi*'s construction of the statute should be reconsidered. We should adopt a construction of "sexual abuse of a minor" consistent with Congressional intent that would require "abuse" to form part of the generic definition. That construction would assure that those who abuse children are dealt with severely, but would allow practical consideration of extenuating circumstances on a case-by-case basis when dealing with consensual intercourse between those in their late teens and early twenties.

---

the age of 14 who voluntarily engages in sexual intercourse is not necessarily a victim of sexual abuse." *In re Kyle F.*, 112 Cal. App. 4th 538, 543 (Cal. Ct. App. 2004) (citing *County of San Luis Obispo v. Nathaniel J.*, 50 Cal. App. 4th 842, 845 (Cal. Ct. App. 1996)).