**Bav MOEUN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74623.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed Jan. 15, 2008.

Peter Singh, Fresno, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, M. Jocelyn Wright, Esq., Eric W. Marsteller, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**622**

Before: REINHARDT, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Bav Moeun petitions for review of the decision of the Board of Immigration Appeals (BIA), which affirmed the Immigration Judge's (IJ) order of removal without opinion. Because we conclude that Moeun's conviction does not qualify as an aggravated felony, we grant the petition for review and vacate the order of removal.

An alien convicted of an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). Although this court lacks jurisdiction to review a final order of removal based upon an aggravated felony conviction, *see* 8 U.S.C. § 1252(a)(2)(c), we have jurisdiction to determine whether Moeun's conviction qualifies as an aggravated felony. *Martinez–Perez v. Gonzales*, 417 F.3d 1022, 1024–25 (9th Cir. 2005). Whether an offense qualifies as an aggravated felony is a legal question we review de novo. *Id.* at 1025.

If a state statute is "categorically broader than the generic definition" of the aggravated felony of sexual abuse of a minor, 8 U.S.C. § 1101(a)(43)(A), we apply the modified categorical approach to determine whether a conviction under that statute qualifies as an aggravated felony conviction. *See Navarro–Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir.2007) (en banc); *Estrada–Espinoza v. Gonzales*, 498 F.3d 933, 935 (9th Cir.2007). In this case, the statute under which Moeun was convicted is broader than the generic crime of sexual abuse of a minor because it does not require the victim of sexual battery to be a minor. *See* Cal.Penal Code. § 243.4(a) ("Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. . . ."). Therefore, we turn to the modified categorical approach.

Under the modified categorical approach, Moeun's conviction for sexual battery qualifies as an aggravated felony if "the record includes documentation or judicially noticeable facts that clearly establish" that he was convicted of all of the elements of sexual abuse of a minor. *Estrada–Espinoza*, 498 F.3d at 935 (internal quotations and citation omitted).[1] When applying the modified categorical approach the panel may look to "a narrow, specified set of documents that are part of the record of conviction, including the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163–64 (9th Cir.2006) (internal quotations and citation omitted). The documents in the record are insufficient to establish that Moeun was convicted of all of the elements of sexual abuse of a minor.

The record includes Moeun's plea agreement, the charging document, and a minute order. We decline to consider the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The panel acknowledges that *Navarro–Lopez* holds that the modified categorical approach does not apply "[w]hen the crime of conviction is missing an element of the generic crime altogether." 503 F.3d at 1073 (quoting *Li v. Ashcroft*, 389 F.3d 892, 899–901 (9th Cir.2004) (Kozinski, J., concurring)). The panel declines to address whether California Penal Code § 243.4(a) falls under this rule because the documentation in the record is, in any event, insufficient to establish that Moeun's conviction was for sexual abuse of a minor.

minute order. Minute orders are not judicially noticeable documents, and the minute order in this case does not include the factual basis for Moeun's guilty plea. *See United States v. Snellenberger,* 493 F.3d 1015, 1019–20 (9th Cir.2007) (citing *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

Though we may consider Moeun's plea agreement together with the charging document, these documents also do not clearly demonstrate that Moeun's guilty plea was for sexual abuse of a *minor. See United States v. Kelly,* 422 F.3d 889, 895 (9th Cir.2005) (charging document alone cannot establish elements of conviction but court may consider charging document in conjunction with plea agreement). The charging document reflects that count 3, the only count to survive the charging document's amendment, was originally for "Lewd Act Upon a Child" based on an alleged lewd act on the body of "Jane Doe, who was 14 years old." A handwritten note reveals that count 3 was amended to a charge of sexual battery under § 243.4(a). But Moeun's plea agreement states only that he "stipulate[s] to a factual basis" for his guilty plea to "PC 243.4(a)." Thus, we cannot be certain that amended count 3 includes the allegation that Jane Doe was fourteen years old, or that by stipulating "to a factual basis," Moeun was stipulating that Jane Doe was fourteen years old.

For this reason, we **GRANT** the petition for review, **VACATE** the order of removal, and **REMAND** the matter to the BIA for proceedings consistent with this opinion.